IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FREDERICK J. GREDE**, not individually but as Liquidation Trustee of the Sentinel Liquidation Trust, | ) ) ) ) | |
| | ) | Honorable James B. Zagel |
| Plaintiff, | ) | |
| v. | ) ) | |
| **FARR FINANCIAL, INC.,** | ) ) | |
| Defendant. | ) | Case No. 09-cv-00120 |

## FARR FINANCIAL, INC.'S MOTION FOR ENTRY OF JUDGMENT ON COUNTS I, II, IV AND V OF THE TRUSTEE'S SECOND AMENDED COMPLAINT

Defendant, Farr Financial,, hereby submits this Motion for Entry of Judgment on Counts I, II, IV and V of the Trustee's Second Amended Complaint.[1]  In support of its Motion, FARR FINANCIAL, INC. states as follows:

## INTRODUCTION

1.  This is one of 10 closely related adversary proceedings brought by the Trustee against former SEG 1 customers (collectively, the "SEG 1 Cases") of Sentinel Management Group, Inc. ("Sentinel").  The defendants in the SEG 1 Cases are FCStone LLC ("FCStone") IFX Markets, Inc., IPGL Ltd., Farr Financial, Inc., Cadent Financial Services, Rand Financial Services, Country Hedging Inc, Velocity Futures, LLC,

---

[1] The Trustee is Frederick J. Grede as Liquidation Trustee for the Sentinel Liquidation Trust.

American National Trading Corp., ABN AMRO Clearing Chicago LLC and Crossland LLC (collectively, the "SEG 1 Defendants").

2. The operative complaint in this case contains five Counts: (1) Count I for avoidance and recovery of post-petition transfer under § 549 of the of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code"); (2) Count II for avoidance and recovery of prepetition preferential transfer under § 547 of the Bankruptcy Code; (3) Count III for declaratory judgment regarding the ownership interest in the SEG 1 reserve funds held by the Trustee; (4) Count IV for unjust enrichment; and (5) Count V for reduction or disallowance of claims.

3. Pursuant to this Court's instructions, the Trustee and the Seg 1 Defendants chose Grede v. FCStone, Case No. 09-cv-136 (the "FCStone Case"), as a test case for all the SEG 1 Cases. The operative complaint in the FCStone Case contained the same five counts as the operative complaint in this one: (1) Count I for avoidance and recovery of post-petition transfer under § 549 of the Bankruptcy Code; (2) Count II for avoidance and recovery of prepetition preferential transfer under § 547 of the Bankruptcy Code; (3) Count III for declaratory judgment regarding the ownership interest in the SEG 1 reserve funds held by the Trustee; (4) Count IV for unjust enrichment; and (5) Count V for reduction or disallowance of claims.

4. On January 4, 2013, after a bench trial, this Court entered final judgment for the Trustee on Counts I (post-petition transfer), Count II (pre-petition preferential transfer), Count III (declaratory judgment) and Count V (disallowance of claims) and for FCStone on Count IV (unjust enrichment). (Final Judgment Order, Ex. _) Both parties appealed.

2
4818-1424-6941.2

5. On March 19, 2014, the United States Court of Appeals for the Seventh Circuit reversed this Court's judgment on Counts I, II, III and V. *Grede v. FCStone*, LLC, 734 F.3d 244, 246-47, 251-260 (7th Cir. 2014) (Ex. __). The Seventh Circuit held that the post-petition transfer (Count I) was authorized by the Bankruptcy Court (*id.* at 246-47, 254-58) and that the pre-petition preferential transfer (Count II) fell within both the "settlement payment" and "securities contract" safe harbor exceptions to claw back in § 546(e) of the Bankruptcy Code *Id.* at 246-47, 251-54. The Seventh Circuit also denied the Trustee's cross-appeal for reinstatement of his unjust enrichment claim (Count IV), affirming this Court's holding that the Trustee's unjust enrichment claim is preempted by federal bankruptcy law. *Id.* at 259-60

6. The Seventh Circuit's opinion in the FCStone Case is binding precedent for all the SEG 1 Cases with respect to the Trustee's claims for: (1) avoidance and recovery of Sentinel's post-petition transfers (Count I); (2) avoidance and recovery of Sentinel's pre-petition preferential transfers (Count II); (3) unjust enrichment (Count IV); and (4) reduction or disallowance of claims (Count V).[2] It also collaterally estops the Trustee from further litigation these claims.

---

[2] Farr Financial, Inc. is entitled to judgment on Count V under Section 502(d) of the Bankruptcy Code, which provides for the disallowance of the claims of an entity that receives an avoidable transfer from the debtor's estate and does not return such transfer to the estate. See 11 U.S.C. § 502(d). Here, the Seventh Circuit already has held that the post-petition and pre-petition transfers are not avoidable transfers from Sentinel's estate. Farr Financial, Inc., therefore, is entitled to judgment on Count V as well.

7. This Court, therefore, should enter judgment for FARR FINANCIAL, INC. and against the Trustee on Counts I, II, IV and V of the Trustee's Second Amended Complaint.[3]

WHEREFORE, FARR FINANCIAL, INC. respectfully requests this Court to enter judgment for FARR FINANCIAL, INC. and against the Trustee on Counts I, II, IV and V of the Trustee's Second Amended Complaint.

Dated: September __, 2014                    Respectfully submitted,

                                                    Farr Financial, Inc.

                                                    By: /s/ Howard J. Stein
                                                        70 W. Madison St.
                                                        Suite 2100
                                                       Chicago, IL 60602
                                                       N.D. IL. No. 2116208
                                                       Telephone: (312) 726-4514

---

[3] FARR FINANCIAL, INC. is not moving for the entry of judgment on Count III, which seeks a declaratory judgment regarding the ownership interest in the SEG 1 reserve funds held by the Trustee, because the Seventh Circuit remanded that Count for further proceedings.

## **CERTIFICATE OF SERVICE**

      I, Howard J. Stein, an attorney, certify that on September ____, 2014, I electronically filed Farr Financial, Inc.'s MOTION FOR ENTRY OF JUDGMENT ON COUNTS I, II, IV and V with the United States District Court for the Northern District of Illinois.  Notice of this filing will be sent to all counsel of record via CM/ECF:

      ADD

      By: */s/ Howard J. Stein*r
           One of its attorneys

4818-1424-6941.2